Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Stevan J. Apter, Appellee.

Argued March 6, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Robert G. Sable,* for appellee.

OPINION BY JUDGE ROGERS, April 10, 1975:

The Secretary of Transportation, pursuant to Section 618(b)(2) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §618(b)(2), suspended the appellee's driving privileges for thirty (30) days for operating his automobile in a southerly direction on Interstate 79 at the speed of 79 miles per hour in a 65 miles per hour zone. The appellee appealed the Secretary's action to the Court of Common Pleas of Allegheny County. At the trial *de novo,* the appellee from the witness stand admitted that he was driving 79 miles per hour and that he knew that the speed limit was 65 miles per hour. The court below nonetheless sustained the appeal on the ground that the Commonwealth had not proved that the established speed limit at the location of the offense charged was indicated by the erection of official signs as prescribed by Section 1002(b)(8), 75 P.S. §1002(b)(8). The uncontradicted testimony of the arresting officer was that signs were posted adjacent to the highway, one of which was located about one mile north from the place where the appellee was apprehended, and a certificate of the Secretary as to such posting of approved signs was admitted into evidence at the trial.[1]

We accordingly enter the following:

ORDER

And now, this 10th day of April, 1975, the order of the court below is reversed and the Secretary of Transportation's order of suspension is reinstated. A reinstated suspension shall be issued by the Secretary within thirty (30) days.

---

1. This exhibit was not included in the record certified to us by the court below and our reference to its contents is based on its description by the arresting officer at the trial.